UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MANUEL CASTILLO, | ) |
|     Plaintiff, | ) |
|     v. | ) CAUSE NO.: 1:13-CV-47-TLS |
| KENNETH A. KOVACEVICH, and SHIPPERS RENTAL CO., | ) |
|     Defendants. | ) |
| SHIPPERS RENTAL CO., | ) |
|     Counter-Plaintiff, | ) |
|     v. | ) |
| MANUEL CASTILLO, | ) |
|     Counter-Defendant, and | ) |
| TRIPLE CROWN SERVICES INC., | ) |
|     Third Party Defendant. | ) |

**OPINION AND ORDER**

On December 14, 2012, the Plaintiff, Manuel Castillo, filed a Complaint [ECF No. 1] in the Steuben Circuit Court against Defendant Kenneth A. Kovacevich and Defendant Shippers Rental Co. alleging damages for an automobile accident that occurred on December 29, 2010, in Steuben County, Indiana. The Defendants filed an Answer and Counterclaim [ECF No. 2] on December 27, 2012, naming Manuel Castillo as a Counter-Defendant and Triple Crown Services Inc. as a Third Party Defendant. The Defendants removed the case to this Court on February 27, 2013, and two attorneys entered appearances on behalf of the Defendants.

On May 21, 2013, Counter-Plaintiff Shippers Rental Co., Counter-Defendant Manuel Castillo, and Third Party Defendant Triple Crown Services Inc. filed a Stipulation for Dismissal With Prejudice [ECF No. 21], asking that the Court dismiss with prejudice Counter-Plaintiff Shippers Rental's counterclaim asserted against Counter-Defendant Castillo and its third-party claim asserted against Third Party Defendant Triple Crown. The parties state that these claims have been "fully compromised, settled and released" and thus should be dismissed. The Stipulation for Dismissal is signed by counsel for Castillo, Shippers Rental, and Triple Crown, but not by Defendant Kovacevich. As noted above, Defendant Kovacevich has appeared in this action, but has not asserted counterclaims, crossclaims, or third-party claims. No party has filed a motion for summary judgment in this matter.

Despite the caption, the "Stipulation" for Dismissal filed by the parties was in substance a motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. It was not a stipulation of dismissal under Rule 41(a)(1)(A)(ii) because Defendant Kovacevich did not request the dismissal, and the submission was therefore not "signed by all parties who have appeared." Rule 41(a)(1)(A)(ii). Thus, the Court will construe the filing as a Motion for Voluntary Dismissal, with prejudice, made pursuant to Rule 41(a)(2), which allows a court to consider whether it is proper to order a party dismissed upon the plaintiff's motion. It is within the court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and

lack of diligence on the part of a plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by a defendant. *Tyco Labs.*, 627 F.2d at 56.

There is some question whether Rule 41(a) allows the dismissal of entire actions, as opposed to one of several claims against a defendant. *See Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir. 2001) (noting that Rule 41(a)(1)(i) speaks in terms of dismissing an action, not a claim). In *Berthold*, the plaintiff could not voluntarily dismiss a claim contained in an amended complaint because the defendant had previously filed a motion for summary judgment as to the entire action. 242 F.3d at 776–77. Subsection (a)(2) also speaks in terms of dismissing an action. Recently, in *Gatling v. Nickel*, 275 F.R.D. 495 (E.D. Wis. 2011), the district court dismissed individual claims—but not the entire action—pursuant to a stipulation of the parties under Rule 41(a)(2). The *Gatling* court noted the general consensus that Rule 41(a) provides for the voluntary dismissal of an action as opposed to individual claims. *Gatling*, 275 F.R.D. at 496. However, the court further stated:

> On the other hand, it should be noted that Rule 41(b), which allows a defendant to move for involuntary dismissal, permits the movant to request and the court to grant dismissal of the entire action, or particular claims. Fed. R. Civ. P. 41(b). While certain cases have read this dichotomy to indicate that Rule 41(a) thus does not permit dismissal of individual claims, else it would so state, *see Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 n. 7 (9th Cir. 2005), it does show that Rule 41 contemplates, more generally, a court's power to dismiss individual claims. Further, the cases which prohibit dismissal of individual claims under Rule 41(a) have tended to do so in an adversarial context, that is for example, the defendant opposed dismissal or the plaintiff attempted to characterize a dismissal as voluntary on appeal. It would seem needlessly constraining, where Rule 41 otherwise contemplates dismissal of individual claims, to prohibit the dismissal of individual claims under Rule 41(a) where both parties have stipulated to such. Thus, the court is satisfied that it has the power to enter an order in this situation.

*Gatling*, 275 F.R.D. at 496.

3

In consideration of the procedural context of this case and the parties' submissions, the Court finds that it has the power to enter an order with respect to the counterclaim by Counter-Plaintiff Shippers Rental against Counter-Defendant Castillo and the third-party claim against Third Party Defendant Triple Crown, and further finds that dismissal of these claims against these parties is appropriate because neither Counter-Defendant Castillo nor Third Party Defendant Triple Crown have filed a summary judgment motion against Counter-Plaintiff Shippers Rental, Counter-Defendant Castillo and Third Party Defendant Triple Crown agree to the dismissal, and the dismissal will be with prejudice. The context in which dismissal is sought is not adversarial and there is no prejudice to Counter-Defendant Castillo or Third Party Defendant Triple Crown in allowing the dismissal.

For the foregoing reasons, the Stipulation for Dismissal [ECF No. 21] is construed as a Motion for Voluntary Dismissal. Counter-Plaintiff Shippers Rental Co.'s counterclaim against Counter-Defendant Manuel Castillo and its third-party claim against Third Party Defendant Triple Crown Services Inc. are DISMISSED WITH PREJUDICE. Castillo's action as Plaintiff against Defendant Kovacevich and Defendant Shippers Rental remains pending.

SO ORDERED on May 28, 2013.

        s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT